

**SO ORDERED.**

**SIGNED this 04 day of February, 2009.**

_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| MARVIN CHARLES ODELL, | ) | Case No. 05-40900 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | |
| JACQUELINE SUE ODELL, | ) | Case No. 07-41501 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DARCY D. WILLIAMSON, TRUSTEE | ) | |
| FOR THE BANKRUPTCY ESTATE | ) | |
| OF MARVIN CHARLES ODELL AND | ) | |
| JACQUELINE SUE ODELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 07-7029 |
| | ) | |
| MARVIN CHARLES ODELL and | ) | |
| JACQUELINE SUE ODELL | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | |
|---|---|
| **MARVIN CHARLES ODELL,** | ) |
| | ) |
| **Cross -Claim Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **JACQUELINE SUE ODELL,** | ) |
| | ) |
| **Cross-Claim Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO SET
ASIDE THE ASSIGNMENT OF RIGHTS IN A DIVORCE OR IN THE
ALTERNATIVE TO ESTABLISH VENUE IN THE DISTRICT COURT
OF CRAWFORD COUNTY, KANSAS**

This matter is before the Court on the Motion of Cross-Claim Defendant, Jacqueline Sue

Odell, to Set Aside the Assignment of Rights in a Divorce or in the Alternative to Establish Venue

in the District Court of Crawford County, Kansas.[1]  Both parties have submitted briefs, and the

Court is ready to rule.  This proceeding is related to a pending bankruptcy proceeding, and the Court

has jurisdiction over this matter pursuant to 28 U.S.C. § 157(c).

**I.      FINDINGS OF FACT**

On April 1, 2005, Marvin Charles Odell and Jacqueline Sue Odell jointly filed a Chapter 7

bankruptcy petition, and Darcy D. Williamson was thereafter appointed Trustee.  At the time of the

filing, Debtors were married.  On November 2, 2005, Debtors received their discharge.

On March 31, 2007, the Trustee filed this adversary proceeding, which sought turnover of

in excess of $90,000 in non-exempt property held by Debtors on the date of filing, pursuant to 11

---

[1]Doc. 83.

2

U.S.C. §§ 521 and 542.[2]  The Trustee also sought revocation of Debtors' discharge, pursuant to 11

U.S.C. § 727, based upon two allegations: 1) that Debtors' schedules were knowingly inaccurate and

failed to disclose all property, debts and information relative to their financial affairs, and 2) that

Debtors failed to cooperate with the Trustee and surrender to the Trustee all property of the estate

and any recorded information including books, documents, records and papers related to the estate.

On June 12, 2007, the Trustee filed a motion for default judgment because neither Debtor

had filed a responsive pleading.  Both Debtors then independently requested an extension of time

to file their answers, which requests were granted.  Although Marvin Odell filed his answer on

September 24, 2007, Jacqueline Odell never filed a responsive pleading, and default judgment was

entered against her on October 18, 2007.  She did not appeal the entry of default, and that order is

now final.  Her discharge was revoked by final order entered October 29, 2007.[3]

Over three years after their joint bankruptcy was commenced, on March 25, 2008, Marvin

Odell filed a petition for divorce in Crawford County, Kansas.[4]  The next day, the Crawford County

District Court entered Temporary Orders which, in part, granted Jacqueline Odell possession of the

parties' home in Pittsburgh, Kansas and prohibited them from assigning or transferring their interests

in personal property.

---

[2]The bankruptcy case in which this adversary proceeding is filed was commenced prior to October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  Unless otherwise noted, all future statutory references are thus to the Bankruptcy Code, 11 U.S.C. § 101, et seq. as it was in force prior to that date.

[3]Doc. 32, main case.  Following that entry of default, the joint case was deconsolidated, which is why these joint debtors now have two different bankruptcy numbers.

[4]There is no indication that the parties sought relief from stay to pursue that divorce action.  Accordingly, any orders entered in that divorce case may well be void.  *See In re Wright*, 371 B.R. 472, 478 (Bankr. D. Kan. 2007) (holding that divorce decree that memorialized settlement agreement of Debtors was void and of no effect, at least with respect to the purported division of estate property, because no party had obtained relief from the automatic stay imposed by § 362).

3

Following extensive discovery, Marvin Odell entered into a settlement agreement with the Trustee in this adversary proceeding, which was approved by this Court only after notice and opportunity for a hearing. The Court approved the agreement on October 14, 2008,[5] after no objections were raised. Jacqueline Odell was specifically notified of the motion to approve the settlement agreement,[6] which agreement disclosed that Marvin Odell intended to file a cross-claim against her for various causes of action that accrued pre-petition, including breach of fiduciary duty for her handling of their financial matters, specifically including her purchase of their home. The settlement agreement also noted that Marvin Odell intended to assign his interest in those causes of action to the Trustee.

On August 25, 2008, Marvin Odell filed a cross-claim against Jacqueline Odell.[7] The cross-claim sought damages for two counts of breach of fiduciary duty and one count of misuse of funds. It also sought an order requiring specific performance and the imposition of a constructive trust, and contained one count seeking to partition and sell the real property located in Pittsburg, Kansas.

Jacqueline Odell has moved to set aside the assignment of the cross-claim being asserted by Marvin Odell, or in the alternative, to have those claims transferred to the state divorce court. For the reasons set forth below, the Court denies both requests.

## II.    ANALYSIS

### A.    Assignment of Claims

---

[5]Doc. 39 in Case No. 05-40900.

[6]Docs. 37-38 in Case No. 05-40900

[7]Doc. 56, Adversary.

Jacqueline Odell first requests this Court set aside Marvin Odell's assignment to the Trustee. She claims that Marvin Odell did not have an interest in the real property located in Pittsburg, Kansas at the time they filed bankruptcy, and therefore that property is not part of his bankruptcy estate. She also claims that it is against public policy to assign the rights to property to be awarded through a divorce proceeding.

The Court finds that Mrs. Odell misinterprets the nature of the assignment made in this case. In her brief in support of the motion, she states that Marvin Odell "has now assigned his rights under the divorce to the Trustee and the Trustee is seeking to try the issue of the divorce and division of property and payment of alimony in the bankruptcy court." That statement is a complete mischaracterization of what has transpired in this case, and what the cross-claim seeks to do.

Marvin Odell did not transfer to the Trustee his right to property to be awarded by the state court judge through the divorce. The equitable division of property through the divorce is a separate and distinct legal issue from the one contained in the cross-claim. The rights Marvin Odell purported to transfer to the Trustee do not arise out of the filing of the petition for divorce or the state court's power to ultimately divide the property between the two former spouses (when the automatic stay is no longer a bar). Instead, they are separate and distinct claims that arise out of an alleged breach of fiduciary duty and misuse of funds by Jacqueline.

The Trustee is seeking to prosecute any claim Marvin might have for breach of fiduciary duty and misuse of funds, as well as to impose a constructive trust and require specific enforcement of the alleged agreement between the parties concerning the titling of real property, and an order partitioning the property. None of those claims arise out of the divorce proceeding, but instead are separate legal issues raised by Marvin. The Trustee in no way seeks to try, in this Court, the issue

5

of whether the parties are entitled to a divorce, the ultimate division of property under the divorce, or the payment of support.

In addition, the fact that Marvin Odell had or has no recorded interest in the property in Pittsburg, Kansas is irrelevant. Marvin Odell did not purport to transfer his rights to that property to the Trustee. Instead, he transferred his rights to any claims he might have against Jacqueline Odell that arose from her handling of the Debtors' finances and the purchase of the real property in Pittsburg. All of the alleged conduct contained in the cross-claim predated the filing of the bankruptcy petition. As such, those claims are already property of the bankruptcy estate.[8] The assignment made by Marvin Odell to the Trustee, therefore, was likely unnecessary, because his estate already owned those claims upon the date of filing.

Finally, Jacqueline Odell was specifically notified of the terms of the settlement agreement that contained the proposal to assign these claims to the Trustee. She was specifically told that if she had any objection to the settlement agreement, she must file an objection by September 17, 2007.[9] She elected not to object, and she is now estopped from litigating any objection to the assignment.

### B.      Change of venue to state court

Jacqueline Odell next requests that these claims be heard in state court because that court has jurisdiction over the divorce. First, because relief from stay was not granted to file that divorce, the state court does not have jurisdiction at this time. Secondly, the Court again finds that Jacqueline Odell misconstrues what is at issue here. The claims set forth in the cross-claim do not arise out of

---

[8]*See Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996) (holding that a bankruptcy estate includes "causes of action belonging to the debtor at the commencement of the bankruptcy case").

[9]Doc. 38.

Case 07-07029    Doc# 87    Filed 02/04/09    Page 6 of 11

the divorce proceeding. These claims do not seek, as relief, for this Court to make an equitable division of property or to decide the issues of alimony or support. The only connection these claims have to the divorce proceeding is that their resolution may potentially impact the property rights that are also at issue in the divorce proceeding. Simply put, these claims are separate and distinct legal actions from the divorce proceeding, and the state court has not assumed jurisdiction over those claims.

The Court further finds that it has jurisdiction to hear these claims. This Court has jurisdiction to hear and enter final orders in all core proceedings.[10] If a proceeding involves a right created by bankruptcy law, or is one that would only arise in a bankruptcy case, it is a core proceeding.[11] "Core proceedings are proceedings which have no existence outside of bankruptcy."[12] "Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings."[13] If a proceeding does not invoke substantive rights created by bankruptcy law and is one that could exist outside of bankruptcy, it is a non-core proceeding, even though it may be related to bankruptcy because of its potential effect on the estate.[14]

Section 157(b)(2) of Title 28 provides a non-exclusive list of proceedings that are considered core proceedings. The original claims brought by the Trustee against both Debtors for turnover of

---

[10]28 U.S.C. § 157(b) and 28 U.S.C. § 1334.

[11]*In re Wood*, 825 F.2d 90, 97(5th Cir. 1987).

[12]*In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (citing *In re Alexander,* 49 B.R. 733, 736 (Bankr. D.N.D. 1985)).

[13]*Id. at* 1518 (citing *In re Wood,* 825 F.2d 90, 96 (5th Cir.1987)).

[14]*In re Wood*, 825 F.2d at 93.

7

estate property were clearly core proceedings over which this Court had jurisdiction.[15]  The cross-claims, however, do not arise solely out of the bankruptcy code and could clearly exist outside of the bankruptcy context.  Therefore, the cross-claim is not a core proceeding.

The Court's finding that this case is not a core proceeding, however, does not deprive this Court of jurisdiction to hear the case.  Bankruptcy courts have jurisdiction to hear non-core proceedings, provided they are related to the bankruptcy proceeding.[16]  The test for determining whether a matter is related to a bankruptcy proceeding is whether the outcome of the proceeding could conceivably have any effect on the estate.[17]

Numerous courts have analyzed whether certain types of actions are "related to" a bankruptcy proceeding.  Courts have found pre-petition claims such as civil rights claims,[18] employment discrimination claims,[19] fraud claims,[20] and actions to invalidate mortgages[21] to be related to an underlying bankruptcy case on the basis that they could effect the bankruptcy case in some way.  Like those courts, this Court finds that Marvin Odell's claims could conceivably have

---

[15]28 U.S.C. § 157(b)(2)(E) and (J).

[16]28 U.S.C. § 157(c)(1).

[17]*Hunnicutt Co., Inc. v. TJX Companies, Inc. (In re Ames Dep't Stores, Inc.)*, 190 B.R. 157, 161 (S.D.N.Y. 1995).

[18]*Vinci v. Town of Carmel (In re Vinci)*, 108 B.R. 439 (Bankr. S.D.N.Y. 1989) (holding that the debtor's civil rights claim is related to the debtor's bankruptcy proceeding because the outcome could have some effect on the bankruptcy proceeding).

[19]*Richardson v. United Parcel Serv.*, 195 B.R. 737, 740 (E.D. Mo. 1996) (referring case to the bankruptcy court because the outcome of the case could have some effect on the debtor's bankruptcy proceeding).

[20]*Yukon Energy Corp. v. Brandon Investments, Inc. (In re Yukon Energy Corp.)*, 138 F.3d 1254 (8th Cir. 1998) (holding that bankruptcy court properly exercised non-core jurisdiction over debtor's fraud claim against a corporation and former board member).

[21]*Williams v. Heller Fin. Serv., Inc.*, 82 B.R. 823 (E.D. La. 1988) (holding that action seeking to invalidate mortgages, return of interest paid by debtor in possession, and for damages for wrongfully encumbering those properties was related to Chapter 11 bankruptcy case).

8

an effect on his Chapter 7 bankruptcy proceeding. The outcome of this case could have a significant impact on the amount of money that can be distributed to his creditors..[22] Because the Court finds Marvin Odell's claims could conceivably have some effect on his bankruptcy estate, the claims fall within this Court's jurisdiction pursuant to 28 U.S.C. § 157(c)(1).

Although Jacqueline Odell's brief actually asks for venue to be limited to state court, it appears, based upon the arguments raised in her brief, she is actually claiming that this Court should abstain from hearing this case and instead allow the case to be heard in state court. For mandatory abstention under 28 U.S.C. § 1334(c)(2) to apply, however, the proceeding must (1) be based upon a state law claim or cause of action; (2) lack a federal jurisdictional basis absent bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding.[23] Every requirement of mandatory abstention provision must be met before the Court may abstain from hearing the proceeding pursuant to § 1334.[24] Mandatory abstention should be narrowly construed and abstention exercised narrowly and cautiously.[25] In addition to the above requirements, a motion for mandatory abstention must be timely filed.[26]

In this case, the Court finds that mandatory abstention is not appropriate. The claims asserted by the Trustee through Marvin Odell have not been previously commenced in a state forum.

---

[22]*See Artra Group, Inc. v. Salomon Brothers Holding Group, Inc. (In re Emerald Acquisition Corp.)*, 170 B.R. 632, 640 (Bankr. N.D. Ill. 1994) (holding that a proceeding relates to bankruptcy if it affects the amount of property available for distribution or allocation of property among creditors).

[23]*See Lindsey v. O'Brien, Tanaski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 497 (6th Cir. 1996).

[24]*Nationwide Roofing & Sheet Metal, Inc. v. Cincinnati Ins. Co. (In re Nationwide Roofing & Sheet Metal, Inc.)*, 130 B.R. 768, 778 (Bankr. S.D. Ohio 1991).

[25]*In re Hillsborough Holdings Corp.*, 123 B.R. 1004, 1010 (Bankr. M.D. Fla. 1990).

[26]28 U.S.C. § 1334(c)(2).

9

As noted above, Mr. Odell's claims do not arise out of the divorce proceedings and are not simply a part of the equitable division of property, as claimed by Jacqueline Odell. Instead, they are very separate and distinct claims that likely could have been brought in state court, but have not been.

Although mandatory abstention is not required under 28 U.S.C. § 1334(c)(2), the Court has the discretion to abstain from this matter under 28 U.S.C. § 1334(c)(1). However, the Court elects not to exercise that option here. Again, the claims brought by Marvin Odell do not arise out of the divorce proceeding. They are separate and distinct legal causes of action. Although those claims may eventually impact the outcome of the divorce proceeding, they are equally likely to impact the outcome of Debtors' bankruptcy proceedings.

These claims have been pending before this Court since August 2008, and this Court's docket will allow it to quickly and efficiently hear the claims. Furthermore, because discovery is well under way in this Court, as a result of the Scheduling Order entered October 16, 2008,[27] and because this Court is equally capable of determining the validity of the claims as the state court, the Court declines to abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(1).

III.    CONCLUSION

For the above mentioned reasons, the Court denies Jacqueline Sue Odell's Motion to Set Aside the Assignment of Rights in a Divorce or in the Alternative to Establish Venue in the District Court of Crawford County, Kansas.[28] The Court finds that the "assignment" was likely unnecessary, but even if necessary, did not involve Mr. Odell's rights to property arising out of the filing of the petition for divorce or the state court's power to divide the property between the two former spouses

---

[27]Doc. 68, Adversary.

[28]Doc. 83.

(if relief from stay is granted to allow it to do so). Instead, they are separate and distinct claims that arise out of an alleged breach of fiduciary duty and misuse of funds.

As to the appropriate forum for deciding the cross-claim, the Court finds that it has jurisdiction to hear this case and that abstention is not appropriate. This case is clearly related to the bankruptcy proceedings, thus giving the Court jurisdiction under 28 U.S.C. § 157(c)(1). In addition, the Court finds that the issues contained in the cross-claims brought by Marvin Odell are not the type of issues that typically arise in a divorce proceeding and do not involve an equitable division of property. Therefore, abstention is not appropriate.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Jacqueline Sue Odell's Motion to Set Aside the Assignment of Rights in a Divorce or in the Alternative to Establish Venue in the District Court of Crawford County, Kansas[29] is denied. The Court has scheduled a final Pretrial Conference for **March 12, 2009 at 9:00 a.m.**, with a discovery cutoff of **March 1, 2009**, to which deadlines the Court assumes the parties will adhere. Finally, in the Court's Scheduling Order entered over three months ago, the Court encouraged mediation because the parties indicated it might be helpful. Although the Court encourages mediation, any mediation should have already been commenced in this case if that route was to be explored. The Court might be willing to extend deadlines at this late stage, but only if both parties desire to engage in mediation, agree on a mediator, and if a mediation session is actually scheduled prior to any request for extension of deadlines.

###

---

[29]Doc. 83.